IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEMAH DONYE SHADIRE WHITMORE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2602 |
| | : | |
| **RAHEEM RYAN WHITMORE,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**SCOTT, J.**                                                                                           **DECEMBER 2, 2025**

Raheemah Donye Shadire Whitmore filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging her constitutional rights were violated. Whitmore[1] seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted, and the Second Amended Complaint[2] will be dismissed.

---

[1] Because Whitmore shares the same last name with Defendant Raheem Ryan Whitmore, the Court will refer to her as "Whitmore" and the Defendant as "Raheem."

[2] After filing her Complaint (ECF No. 2), Whitmore subsequently filed an Amended Complaint (ECF No. 7) and a Second Amended Complaint (ECF No. 8). In an Order dated August 19, 2025, the Court allowed Whitmore an opportunity to file a complete and comprehensive third amended complaint to bring all of her allegations and claims together in one pleading. (ECF No. 10.) The Court explained to Whitmore that if she did not file a third amended complaint, the Court would treat the Second Amended Complaint ("SAC") as the governing pleading in this case. (ECF No. 10 at 3.) She did not file a third amended complaint after given the opportunity to do so, thus the SAC governs. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading," meaning "the most recently filed amended complaint becomes the operative pleading"); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

I.      **FACTUAL ALLEGATIONS**[3]

In addition to Raheem, Whitmore named the following Defendants in her SAC: Tericka Martin, Robert Williams, also known as Meek Mill, Janae Williams, and Rahiya Williams. (SAC at 3-4.)  Whitmore provided addresses in Philadelphia for each defendant and alleges the state of citizenship for herself and all Defendants as Pennsylvania. (*Id*. at 4-5.)  She asserts federal question jurisdiction based on a violation of her "civil rights" (*id.* at 4), alleging that "random emails (several in a row)" were sent to her on June 26, 2025, "however they were randomly in [her] email" the morning of July 7, 2025. (*Id*. at 5.)  She next claims she "filed several complaints about VPNs and other software to hack into [her] device secretly and delay important emails and text messages, and phone calls to prevent [her] from trying to make a living for [herself]." (*Id*.)  As a result, "multiple important people like [her] lawyers have been trying to reach [her] and have mentioned that their calls to [her] aren't going though." (*Id*.)  She claims that she changed her number on June 6, 2025, and within twenty-four hours, she was "getting text messages from strange people." (*Id*.)  She avers that "private sources" told her that "he," presumably Raheem, wants to make her suffer. (*Id*.)  She claims she "reported in the past that multiple members of his family and entourage have been nurses, CNAs, [and medical doctors], and they don't treat [her] properly in the hospital," discharging her without treating her "injuries and illnesses due to him telling them to 'make [her] suffer.'" (*Id*. at 6.)  She alleges she has been

---

[3] Whitmore used the form civil rights complaint available to unrepresented litigants to file her SAC. (ECF No. 8.)  The factual allegations set forth in this Memorandum are taken from the SAC.  The Court considers the entirety of the submission to constitute the SAC and adopts the sequential pagination assigned by the CM/ECF docketing system.  Where the Court quotes from the SAC, punctuation, spelling, and capitalization errors will be cleaned up.  The Court may also consider matters of public record when conducting a screening under § 1915.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"exploited by every major hospital in the City of Philadelphia."[4] (*Id*.) She further alleges that a person identified as "Mak," and Defendants Raheem and Meek Mill have been telling women she has diseases to keep her from having relationships and retaliating against her for "pursuing a federal case." (*Id*.) She claims her "own father is involved, who raped [her] as a child" as well as "some relatives" who are federal agents. (*Id*.). She does not "want to be in the same city as these people." (*Id*.)

Whitmore claims a violation of her civil rights. (*Id*. at 4.) As a result, she has suffered stress, a loss of potential clients, and over $300 in revenue. (*Id*. at 6.) She seeks twenty million dollars for every year she was abused and wants to be moved "far away since the City refuses to service [her] due to bribery money." (*Id*.)

## II.     STANDARD OF REVIEW

The Court grants Whitmore leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, requiring the Court to dismiss the Second Amended Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

---

[4] It appears Whitmore's allegations related to hospitals is provided as background to Raheem's actions wanting to make her suffer. It does not appear she intended to allege a separate claim based on these allegations as she does not name a hospital or hospital employee as a defendant or specify any event or date that an incident occurred at a hospital.

3

irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Because Whitmore is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III. DISCUSSION

#### A. Whitmore's Allegations are Factually Frivolous

The majority of Whitmore's allegations in her SAC are difficult to understand or are completely incomprehensible, containing numerous fragmented claims, and failing to set forth allegations regarding most of the named Defendants. Whitmore's allegations appear to stem from an overall conspiracy that "he," presumably Raheem, is directing others to make her suffer by, *inter alia,* hacking into her devices "secretly" to delay important emails, text messages, and phone calls "to prevent [her] from trying to make a living for [herself]." (SAC at 5.) She further contends that multiple members in "his family and entourage" work at hospitals in Philadelphia and are allegedly not treating her properly to make her suffer at the direction of Raheem and/or the other Defendants. (*Id*. at 6.) She claims that a person identified as "Mak," and Defendants Raheem and Meek Mill have been telling women she has diseases to keep her from having relationships and retaliating against her for pursing a federal case. (*Id*.) She claims her own father is also involved, as well as "some relatives" who are federal agents. (*Id*. at 6.)

Whitmore's allegations "rise to the level of the irrational or the wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact. Federal courts routinely dismiss complaints asserting broad-based conspiracies of surveillance, tracking and the like, as factually frivolous under § 1915 where the allegations are fanciful, fantastical, delusional, irrational or wholly incredible. *See, e.g., In re Sesay*, No. 22-0082, 2022 WL 1104062, at *10-11 (E.D. Pa. Apr. 12, 2022) ("allegations of a widespread scheme of surveillance, wiretapping, audio/video recording, harassment, discrimination, stalking, a political sex scandal and a leaked sex tape" were irrational and wholly incredible warranting dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding the *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous); *Riches v. Swartz*, No. 07-379, 2007 WL 2319819, at *1-2 (W.D. Va. Aug. 13, 2007) (dismissing the *pro se* plaintiff's § 1983 claims as frivolous under § 1915(e)(2)(B)(i) where he made "clearly fantastic" allegations that defendants violated his rights by hacking his computer, illegally wiretapping him, phishing, spamming, and code cracking). Given the frivolity of her underlying allegations, no leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile.").

    **B.**    **The Civil Rights Claims are Indisputably Meritless**

Whitmore's civil rights claims are also indisputably meritless. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

As an initial matter, the Court is unable to discern a constitutional violation based on Whitmore's allegations. Furthermore, other than the allegations against Raheem and Meek Mill, she does not assert any facts related to the other defendants, or alleged how any of the defendants violated her civil rights. Regardless, Defendants appear to be private individuals rather than "state actors" subject to liability under § 1983 for constitutional violations. "Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Whitmore alleges no factual or legal basis for concluding that any Defendant is a state actor. She claims that "he," presumably Raheem and the other defendants, have been hacking into her phone, retaliating

against her, and making false statements about her to make her suffer. None of these actions could be considered action "of the State itself." *Leshko*, 423 F.3d at 339; *see also Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted)). Therefore, her constitutional claims are legally meritless because Defendants are not state actors for purposes of § 1983. *See Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) (" Private citizens . . . are not state actors, and therefore. . . any § 1983 claims against [them] should be dismissed.").

    C.    **State Law Claims**

Having dismissed Whitmore's federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v.*

7

*Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Whitmore provided addresses in Philadelphia for herself and each defendant and explicitly alleges the state of citizenship for herself and all Defendants as Pennsylvania. (*See* SAC at 4-5.) Based on her own allegations, the parties are not diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue. These claims, accordingly, will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Whitmore leave to proceed *in forma pauperis* and dismiss the SAC.[5] The federal claims will be dismissed with prejudice and without

---

[5] On November 18, 2025, Whitmore filed a motion requesting the disposition of this case be expedited (ECF No. 13) and requests a conference hearing (ECF No. 14), which will be denied as moot since her case will be dismissed. She also filed a document titled "Request" appearing to again ask to move away from her current neighborhood and references being unlawfully arrested. (ECF No. 12.) The Court's docket reflects that Whitmore filed a civil action in October 2025 through counsel, challenging an arrest and alleged unlawful detention. *See Whitmore v. City of Phila., et al.*, No. 25-6152 at ECF No. 1 (E.D. Pa. Oct. 29, 2025). It appears she is referencing claims raised in a separate action, which will be addressed in that lawsuit and do not appear to be relevant here.

On November 26, 2025, Whitmore filed another document titled "Request" to add detectives "to the investigation for not solving an assault case," which will also be denied as moot. (ECF No. 15.) To the extent she intended to add a claim for failure to investigate, even if the Court addressed such a claim, it would fail. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*)

leave to amend as factually frivolous and legally meritless pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The state law claims will be dismissed without prejudice, and Whitmore may file those claims in the appropriate state court if she chooses to do so.[6]

An appropriate Order of dismissal will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

*/S/ Kai N. Scott*
**KAI N. SCOTT, J.**

---

("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

[6] The Court expresses no opinion on the merits of any state law claim.